IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CIV 07-1160-PHX-GMS (DKD) |
| Plaintiff/Respondent, | CR 03-0075-PHX-GMS |
| vs. | **REPORT AND RECOMMENDATION** |
| Andrew V. Acosta, | |
| Defendant/Movant. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Andrew V. Acosta filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his trial and appellate counsel were ineffective, and that the District Court erred in sentencing him as a career offender. The Government argues that Acosta's motion should be denied. The Court agrees and recommends that the motion to vacate be denied.

**BACKGROUND**

Following Acosta's conviction for bank robbery, his trial counsel moved to withdraw. She avowed in her motion that she had discussed with her client the sentencing guidelines applicable to his case, and the possible respective sentences if he were to plead guilty or go to trial. She requested that she be allowed to withdraw, claiming a conflict of interest and irreconcilable differences, based on his intention to assert the ineffective assistance of counsel for alleged inaccuracies in her pre-trial recitation of those sentencing ranges. The

1  District Court granted her motion, extended the time for filing objections to the presentence
2  report, and appointed new counsel.

3  Counsel then filed a motion to continue sentencing and for an extension of the time
4  to file objections to the presentence report, arguing that he needed the time to meet with his
5  client and review the file. The District Court granted the motion. Six weeks later, counsel
6  filed a second motion to extend time for filing objections to the presentence report, indicating
7  that he had reviewed the file and met with his client on two occasions, and had met with the
8  Government to obtain additional information. The motion was granted; and thereafter
9  counsel timely filed objections.

10  Counsel specifically objected to the following: the "Offense Conduct" portion of the
11  report because Acosta had maintained his innocence; a reference by a victim teller to other
12  alleged robberies; the "Other Delinquent Conduct" because the paragraphs alleged prior
13  arrests that had never resulted in prosecutions; and the reference to additional charges the
14  Government had not yet filed because they did not qualify as "relevant conduct." Counsel
15  did not object to the criminal history calculations or the conclusion that Acosta qualified for
16  sentencing as a career offender.

17  A week later, counsel again moved to continue sentencing to allow him to prepare
18  motions concerning sentencing after discussing those issues with his client. Acosta also filed
19  two pro se motions for production of grand jury records; the District Court denied those
20  motions, but allowed counsel a further continuance. Two subsequent motions to continue
21  were granted to allow counsel to attempt to locate witnesses he believed were necessary for
22  sentencing.

23  In his sentencing memorandum, counsel argued for a finding that the career offender
24  provisions of the sentencing guidelines were unconstitutional, and for a downward departure
25  from the applicable guideline range. He argued for a downward departure as follows: (1)
26  prior counsel was ineffective by erroneously advising Acosta of his sentencing exposure
27  should he be convicted at trial; (2) Acosta had a history of childhood domestic abuse; (3) he

28

had an extensive drug history, requiring treatment and rehabilitation; (4) his criminal history was overstated, especially in light of the career offender enhancement; and (5) the totality of the circumstances justified a departure.

Acosta then filed an *ex parte* request to have trial counsel removed. Following a hearing, in which the District Court found no support for the allegations, the request was nonetheless granted. New counsel was appointed and the District Court again continued sentencing. On the date set for sentencing, the United States Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). The District Court continued sentencing to allow the parties to address any possible impact of *Booker* on Acosta's sentence. Counsel's subsequent memorandum addressed *Booker* and adopted the sentencing memorandum filed by previous counsel.

At the sentencing hearing, Acosta acknowledged having read the presentence report, his counsel's objections, and the responses by the Government and the presentence writer. When asked by the Court if he had any further objections, Acosta stated that he had none. He requested that the Court consider his family situation, and to sentence him below the career offender guideline range recommended in the report.

Relying on the sentencing memorandum filed by previous counsel, Acosta's attorney argued for a sentence substantially below the advisory guideline range. Counsel acknowledged Acosta's previous convictions for selling cocaine and for extortion, and that he had not filed a *Shepard*[1] objection, because he believed it did not apply to Acosta's situation. The Court again continued sentencing, to allow counsel to evaluate the possible impact that Acosta's conduct while incarcerated might have on his sentence. The District Court eventually sentenced Acosta as a career offender within the career offender guideline range.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

- 3 -

On appeal, represented by another attorney, he argued that the District Court erred in applying the career offender guideline, because his prior conviction for extortion did not qualify as a "crime of violence," and that there was insufficient evidence in the record that he was 18 years old at the time of the offense. The court of appeals affirmed his conviction and sentence. *See United States v. Acosta*, 185 Fed. Appx. 590 (9th Cir. June 14, 2006).

## DISCUSSION

In his first ground, Acosta maintains that sentencing counsel was ineffective for failing to argue that statements in his presentence report about his convictions were insufficient evidence of the convictions to warrant application of the "three-strikes" provision of 18 U.S.C. § 3559(c)(1). Acosta was sentenced to 210 months pursuant to 18 U.S.C. § 2113(a), based on a finding that he was a career offender under section 4B1.1 of the sentencing guidelines. In related arguments in the first and third grounds, he argues that there was no evidence that his prior conviction for extortion was a crime of violence under the career offender guideline, and that appellate counsel was ineffective for failing to so argue. Counsel did in fact make such an argument, and the Ninth Circuit rejected it (Doc. #237, attachments at 20-22). A claim raised and rejected on direct appeal cannot form the basis for a section 2255 motion. *United States v. Redd*, 759 F.2d 699, 700-01 (9th Cir. 1985).

In related arguments in the second and third grounds, Acosta maintains that sentencing counsel was ineffective for not arguing that the government failed to establish, under the modified categorical approach, that his prior state drug conviction qualified as a predicate offense under the career offender guideline, and that he was ineffective for failing to argue that the District Court erred in using the conviction to sentence Acosta as a career offender. Counsel decided that rather than disputing the nature and proof of Acosta's prior convictions, he would attempt to lessen the application of the career offender guideline. He notified the District Court that he did not believe that he would be successful in challenging the prior convictions. The failure to raise meritless arguments does not constitute ineffective assistance of counsel. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985). In any event,

1    Acosta cannot show prejudice because counsel was correct in his assessment.  Acosta's prior
2    convictions for conspiracy to sell cocaine and extortion incident to a bank robbery qualified
3    respectively as a controlled substance offense and a crime of violence under section 4B1.1
4    of the sentencing guidelines.  Thus, he cannot show that but for counsel's alleged deficient
5    performance, the result of the proceeding would have been different.

6         In his fourth ground, Acosta contends that trial counsel was ineffective for failing to
7    file a motion for new trial.  Because he does not state any basis upon which he would be
8    entitled to a new trial, he has not demonstrated either deficient performance or that he
9    suffered any prejudice.  His argument that counsel was ineffective for not objecting to the
10   use of his prior convictions to aggravate his sentence prior to withdrawing as counsel is also
11   without merit because, as discussed above, the convictions qualified as predicate offenses.

12        In his fifth ground, he claims that the District Court erred by failing to properly apply
13   the modified categorical approach to his drug conviction, and by failing to require the
14   Government to provide adequate proof of the offense.  Because he did not raise these
15   nonconstitutional sentencing claims on appeal, he has waived them.  *See United States v.*
16   *Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).  He next argues that his first trial counsel was
17   ineffective for failing to communicate to him that he could be sentenced as a career offender
18   if he rejected a plea offer and went to trial.  This claim fails because the record includes
19   affidavits from an FBI agent and the prosecutor and a statement from the probation officer
20   that negate this claim.  In their affidavits and her statement, all three individuals submit that
21   upon a request from Acosta's first attorney, the probation officer calculated the potential
22   guideline range Acosta would face if he were convicted after a jury trial - a range of 210 to
23   262 months.  This information was then relayed to Acosta through counsel.  In addition, the
24   prosecutor spoke with Acosta, in the presence of Acosta's attorney, an FBI agent and the
25   probation officer.  Acosta was again informed that if he pleaded guilty, he would face a
26   potential guideline range of 151 to 188 months.  The Government also stipulated to the low
27   end of this range and informed Acosta of this.  Following the receipt of this information, in
28

1  the presence of his attorney, the FBI agent, the prosecutor and the probation officer, he
2  expressly declined to accept the plea offer. *See* Doc. #237, attachment at 35 to 39.

3  Finally, Acosta alleges that appellate counsel was ineffective for failing to argue that
4  the District Court erred in relying on bare allegations in the presentence report to establish
5  his career offender status. The record reflects that appellate counsel did challenge both the
6  sufficiency of evidence of Acosta's conviction for extortion, and whether it was a crime of
7  violence for career offender purposes. The Ninth Circuit Court of Appeals disagreed, and
8  found that the conviction was supported by the appropriate documents, including the plea
9  agreement, and that it qualified as a career offender predicate offense. Appellate counsel's
10 decision not to appeal the validity of the prior drug conviction was no doubt based on his
11 conclusion that such an argument would not have been successful, given that the probation
12 file records demonstrate that the conviction qualifies as a controlled substance offense.

13 **IT IS ORDERED granting** Andrew Acosta's Pro Se Motion to Supplement with
14 Additional Authority (Doc. #243).

15 **IT IS RECOMMENDED** that Andrew Acosta's Motion to Vacate, Set Aside or
16 Correct Sentence be **denied** (Doc. #218).

17 This recommendation is not an order that is immediately appealable to the Ninth
18 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19 Appellate Procedure, should not be filed until entry of the District Court's judgment. The
20 parties shall have ten days from the date of service of a copy of this recommendation within
21 which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules
22 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
23 which to file a response to the objections. Failure timely to file objections to the Magistrate
24 Judge's Report and Recommendation may result in the acceptance of the Report and
25 Recommendation by the District Court without further review. *See United States v. Reyna-*
26 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
27 determinations of the Magistrate Judge will be considered a waiver of a party's right to
28

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of November, 2008.

_____
David K. Duncan
United States Magistrate Judge

- 7 -